UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| PAU L WHITE, *et al.*, ) | |
| ) | |
| ) | Civil Action No. 1:21-cv-03398 (UNA) |
| Petitioners, ) | |
| ) | |
| v. ) | |
| ) | |
| MERRICK GARLAND, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Petitioners' *pro se* initiating pleading, ECF No. 1, captioned "emergency convention against torture petition for writ of habeas corpus under 28 U.S.C. § 2241," (hereinafter "petition"), and joint application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons set forth below, the court will deny the IFP application and dismiss the case without prejudice.

Petitioners Paul White and Pharoah Momolu V.S. Sirleaf, I, the latter of whom has filed numerous cases in this District and others, are both state prisoners currently designated to the Caroline Detention Facility ("CDF"), located in Bowling Green, Virginia. Their claims face several insurmountable .

Sirleaf has accumulated three-strikes under 28 U.S.C. § 1915(g). *See Sirleaf v. Harris*, 19-2520 (D.D.C. June 3, 2020) at ECF Nos. 10–11. As a result, his IFP motion cannot be granted absent a finding that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Sirleaf has made no such showing, although he attempts to circumvent this prohibition in a few different ways, albeit unsuccessfully.

First, Petitioners present this matter as one for habeas corpus relief, and generally, "the PLRA does not apply to actions *properly brought* in habeas corpus." *Blair-Bey v. Quick*, 151 F.3d 1036, 1040–41 (D.C. Cir. 1998) (emphasis added).  However, despite having cited 28 U.S.C. § 2241, Petitioners raise myriad issues and claims in their 41-page prolix petition, including statutory constitutional and administrative challenges, allegations of torture and poor jail conditions, tort claims, violations of the First and Fifth Amendment and Virginia Constitution, and many others.  They demand their immediate release, compensatory damages, and other declaratory and injunctive relief.  Their claims therefore are not properly brought in habeas corpus.

Second, Sirleaf improperly attempts to bring this action with White, and as a class action on behalf of other CDF inmates.  As a general rule, a *pro se* litigant can represent only himself or herself in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (an individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted*); see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co*., 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom*. *Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975).  The law of the District of Columbia Circuit is that a *pro se* litigant who is not trained as a lawyer "is simply not an adequate class representative." *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) (citing *Fymbo v. State Farm Fire & Cas. Co*., 213 F.3d 1320, 1321 (10th Cir. 2000)).

Similarly, the court requires submission of separate and individually executed IFP applications. *See generally*, 28 U.S.C. §§ 1915, 1915A. Without properly detailed IFP applications, individually executed and filed by each petitioner, the court lacks the information by which it may assess their respective financial statuses at this juncture. *See Asemani v. U.S. Citizenship & Immig. Srvs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). This is of particular importance for prisoners. *See id.* More specifically, federal law, effective April 9, 2006, requires a prisoner plaintiff in a civil action to pay a filing fee of $350.00. In order for the court to consider an application to proceed without prepayment of fees, a prisoner plaintiff must provide the court with a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six-month period immediately preceding the filing of this complaint, obtained from the appropriate official of each prison at which a plaintiff is or was confined. 28 U.S.C. § 1915(a)(2). Only after submission of this information can the court determine a plaintiff's ability to proceed IFP. If the court determines that a plaintiff does not have sufficient funds to pay the filing fee at one time, the court will assess an initial partial filing fee. This information also allows the court the ability to assess whether a prisoner plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

Here, Petitioners have filed only a single IFP application, yet attempt to bring this matter on behalf of themselves and many others. Moreover, they have not provided their respective six-month trust account statements as required by 28 U.S.C. § 1915(a)(2), despite having raised civil claims beyond the limited parameters of habeas corpus.

The court also notes that neither the IFP application nor the petition are properly signed by each of the individual petitioners, *see* Fed. R. Civ. P. 11(a), nor captioned for this court, *see* Fed.

R. Civ. P. 10(a), as required. For all of these reasons, the IFP application will be denied, and this matter will be dismissed.

Should Petitioners attempt determine to refile this litigation and in compliance with the above-noted requirements, there are yet additional deficiencies. First, their pleading fails to meet the minimum pleading standard set forth in Rule 8(a). A pleading "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant petition falls within this category.

Second, to the extent that Petitioners, in fact, seek relief pursuant to Section 2241, they must file for such relief with the United States District Court for the Eastern District of Virginia. A petitioner's "immediate custodian" is the proper respondent in a Section 2241 habeas corpus action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). *See Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").

Finally, to the extent that Petitioners challenge their orders of removal, this court also lacks subject matter jurisdiction. *See* 8 U.S.C. § 1252(a)(2) (noting that "no court shall have jurisdiction to review" claims related to an order of removal pursuant to 8 U.S.C. § 1225(b)(1), excepting certain circumstances not seemingly applicable here); *Make the Road N.Y. v. Wolf*, 962 F.3d 612, 626 (D.C. Cir. 2020) (same); *see also* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal."); *id.* at (b)(2) ("[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.). Here, it appears that Petitioners were convicted and sentenced in Virginia; at the very least, there is no indication that they were convicted and sentenced by an immigration judge in the District of Columbia. And even if they were convicted and sentenced in the District, they must file their challenge to removal with the District of Columbia Court of Appeals, and not this court.

For all of these reasons, the court denies the IFP application and dismisses the petition without prejudice. An order consistent with this memorandum opinion is issued separately.

Date: January 18, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge